Citation Nr: 1719085 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-19 393 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for a right knee disability.

2. Entitlement to service connection for a left knee disability.

3. Entitlement to service connection for a low back disability.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Moore, Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Army from December 1964 to November 1967 with service in the Republic of Vietnam. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from September and October 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

In a December 2016 written brief, the Veteran's representative indicated that he believed the issue of entitlement to an increased rating for a psychiatric disorder was on appeal. Although the September 2012 notice of disagreement initiated the appeals process for the psychiatric claim, the May 2013 statement submitted in lieu of a VA Form 9 specifically excluded the psychiatric claim. As such, this issue is not before the Board. However, as the representative's brief indicates that the Veteran's psychiatric disorder has worsened, the Board will construe this as a new increased rating claim.

The issue of entitlement to an evaluation in excess of 30 percent for an acquired psychiatric disorder has been raised by the record in a December 2016 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action on his part is required.


REMAND

The claims file includes several references to an inservice hospitalization following a 1965 back and right leg injury in Vietnam. See e.g. VA treatment record, February 1968; private chiropractor letter, December 2014. There is no indication that the AOJ attempted to obtain these hospitalization records. The claims must be remanded to attempt to obtain these records.

The Veteran was afforded a VA examination to address his bilateral knee and low back disorders in January 2012 with a September 2012 addendum opinion for the low back. The examiner concluded that the Veteran's claimed disabilities were not related to service because his separation examination was normal. However, the Board's review of service treatment records show a notation of old back trauma on the separation examination and complaints of back and right leg pain since an injury in Vietnam on the separation report of medical history. The examiner failed to address these complaints. The case must be remanded for addendum opinions on the bilateral knee and low back disorders. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim)

Subsequent to the January/September 2012 VA examination and opinions, the Veteran submitted a July 2013 statement from his representative arguing that his left knee disability is secondary to his right knee disability, and a December 2014 private positive nexus opinion for his low back claim. This argument and opinion must be addressed in the addendum opinion.

Accordingly, the case is REMANDED for the following actions:

1. Associate with the claims file all available service treatment records relating to the Veteran's 1965 hospitalization following a back and right leg injury in Vietnam. Contact the Veteran to request further information on dates and locations as necessary. If, after making reasonable efforts, the AOJ determines that any service treatment records are unavailable for association with the claims file, it must specifically document what attempts were made to locate the records, and indicate in writing that further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the Veteran and his representative of the records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The Veteran and his representative must then be given an opportunity to respond.

2. Thereafter, the Veteran's claim file should be provided to an appropriate examiner to determine the nature and etiology of his right knee, left knee, and low back disorders. The examiner must review the entire claims file, including any newly obtained in-service hospitalization records, and the opinion must reflect that such a review was conducted. The Veteran may be recalled for examination if deemed necessary. 

With regard to the right knee claim, the examiner should state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's right knee disorder had its onset in service or was otherwise etiologically related to active service. The examiner must specifically address the October 1967 separation report of medical history indicating that the Veteran had right leg pain since his injury in Vietnam, as well as the Veteran's contentions of right knee pain since service.

With regard to the left knee claim, the examiner should state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's left knee disorder (1) had its onset in service or was otherwise etiologically related to active service, and/or (2) was caused or aggravated (made worse) by the Veteran's right knee and/or low back disability. If the examiner finds that the Veteran's left knee disability has been aggravated by his right knee or low back disability, he or she should attempt to quantify the degree of aggravation beyond the baseline level of disability. The examiner should specifically address any findings of altered gait.

With regard to the low back claim, the examiner should state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's low back disorder had its onset in service or was otherwise etiologically related to active service. The examiner must specifically address the October 1967 separation report of medical history indicating that the Veteran had back pain since his injury in Vietnam, as well as the Veteran's contentions of low back pain since service. If the examiner finds the Veteran's low back disorder is not related to service, s/he must reconcile this with the December 2014 positive private opinion.

Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. After completing the above actions and any other development that may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims for service connection for a right knee disorder, a left knee disorder, and a low back disorder must be readjudicated. If any of the claims remain denied, a supplemental statement of the case should be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).